T.C. Summary Opinion 2012-58

UNITED STATES TAX COURT

PRECIOUS DELORES JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25882-10S.                    Filed June 25, 2012.

Precious Delores Jones, pro se.

<u>Gideon I. Alper</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, and Rule references are to the Tax Court Rules of
Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a deficiency with respect to petitioner's 2007 tax year of $5,181. The issues we must decide are: (1) whether petitioner received income of $14,850 from her hair-braiding business during 2007; (2) whether petitioner is entitled to dependency exemption deductions for her three minor children; (3) whether petitioner is entitled to the additional child tax credit; (4) whether petitioner is entitled to head of household filing status; and (5) whether petitioner is entitled to the earned income tax credit.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of facts are incorporated in this opinion by reference and are found accordingly. At the time she filed her petition, petitioner was a resident of Georgia.

Petitioner is the mother of three minor children. During 2007, petitioner was not married, and she and her three children resided in an apartment owned and managed by the Housing Authority of Columbus, Georgia (Housing Authority). Petitioner's primary source of income during 2007 was a hair-braiding business that she operated out of her apartment.

On average, petitioner saw 3 to 5 customers each week, and she performed services for about 45 different individuals during 2007. The price she charged each customer depended on the type of hair braid, and her prices ranged from $20 for simple braids for a child up to $120 for "micros", which she explained are hair braids so small that they resemble loose hair. Performing "micros" for a customer typically took her four to five hours. Most of the materials petitioner used were supplied by her customers.

On her 2007 Form 1040, U.S. Individual Income Tax Return, petitioner reported $14,850 in income from her hair-braiding business. She did not report any expenses on the Schedule C-EZ, Net Profit From Business, attached to the return because her customers supplied most of the materials she needed to braid their hair. On her return, petitioner also claimed dependency exemption deductions for her three children, head of household filing status, the earned income tax credit with respect to two of her children, and the additional child tax credit.

Petitioner used a notebook to keep track of her business income. She provided that notebook to her tax return preparer when she filed her tax return during early January 2008. However, a sewage leak in petitioner's apartment

during late January 2008 forced her to move to another Housing Authority apartment, and her tax records were ruined.

Respondent issued petitioner a notice of deficiency with respect to her 2007 tax return. Petitioner timely filed her petition in this Court.

Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the taxpayer satisfies certain substantiation and recordkeeping requirements, the burden of proof regarding factual matters may shift to the Commissioner. See sec. 7491(a). Petitioner has not contended, and we do not conclude, that the burden of proof should shift to respondent. See sec. 7491(a)(2)(A) and (B).

Respondent contends that petitioner had zero income during 2007 and was not engaged in the hair-braiding business. Instead, respondent contends, petitioner reported income on her tax return for the purpose of generating tax benefits through the refundable earned income tax credit.

Because of the sewer leak in her apartment, all of petitioner's records relating to her hair-braiding business during 2007 were destroyed. To corroborate her testimony regarding the destruction of her records, petitioner supplied a "Transfer

Itemized Statement" from the Housing Authority that stated that she was being moved to another apartment because of "renovation (pipe busted under concrete)". The Housing Authority document also states that petitioner was moved from unit 306-C to unit 303-D. The first address is the one listed on petitioner's 2007 tax return, corroborating her testimony that she was living in the old apartment when she filed her tax return during early January 2008. Besides that document, the only evidence petitioner offered was her own testimony. We found petitioner to be a credible witness. Her testimony was consistent and reasonably detailed, and the numbers of customers and prices for services to which she testified were generally consistent with the amount of income reported on her return. Accordingly, we credit her testimony that she earned $14,850 in income during 2007 from her work braiding hair.

A taxpayer may claim a dependency exemption deduction with respect to an individual who is either a "qualifying child" or a "qualifying relative". Secs. 151(c), 152(a). To be a taxpayer's "qualifying child", an individual must: (A) bear a qualifying relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; and (D) not have provided more than half of his or her own support for the year. Sec. 152(c)(1).

At trial, respondent conceded that the three children listed on petitioner's return are her children and thus the first requirement is satisfied, and respondent also concedes that the children met the age requirement during 2007. However, respondent contends that petitioner has not proved that the children resided with her during 2007 and that she provided more than half of their support. At trial, petitioner testified that her children lived with her throughout 2007 and that she was their primary caregiver. We find that petitioner's children lived with her during 2007 and that she was their primary source of support. Accordingly, each of petitioner's children was a "qualifying child" during 2007 and she therefore was entitled to the dependency exemption deductions claimed on her return.

Section 24(a) authorizes a tax credit with respect to each qualifying child of the taxpayer. The child tax credit provided by section 24(a) may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable. The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained age 17. Sec. 24(c). Because each of petitioners'

children was a "qualifying child", we conclude that she was entitled to the additional child tax credit.

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As pertinent here, section 2(b)(1) provides that an unmarried individual "shall be considered a head of household" if that individual "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of "(i) a qualifying child of the individual (as defined in section 152(c) * * *)". We conclude that, because petitioner was unmarried and her children lived with her throughout 2007 and because each is a "qualifying child", she qualifies as a head of household.

Section 32(a)(1) permits an eligible individual to receive an earned income credit against the individual's tax liability. As pertinent here, the term "eligible individual" includes any individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). In general, the term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) determined without regard to section 152(c)(1)(D) (regarding the amount of support) and section 152(e) (regarding special rules for divorced parents). Sec. 32(c)(3)(A). Because each of petitioner's children was a "qualifying child" during 2007, she is entitled to the earned income credit.

In reaching these holdings, we have considered all the parties' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.